IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02082-REB-MEH

MARCELO PERALTA, a Colorado resident;

    Plaintiff,

v.

AMERICAN HOME ASSURANCE COMPANY, a New York corporation, and
AIG CLAIMS SERVICES, INC., d/b/a AIG CLAIMS SERVICES, a Delaware corporation,

    Defendants.

## RECOMMENDATION FOR STAY

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Defendant American Home Assurance Company ("American") has requested a stay of this action, pending the outcome of Plaintiff's claim concerning workers' compensation benefits. Defendant AIG Claims Services, Inc. ("AIG") joins in the request for a stay. Plaintiff strenuously objects to the granting of any stay.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff was injured while working for Utilix Corporation in April of 2002, and he filed a workers' compensation claim shortly thereafter. Plaintiff's claim was handled by Defendant AIG, a third party administrator, which is a wholly owned subsidiary of Defendant American. Plaintiff's workers' compensation claim has not yet been fully adjudicated.

Plaintiff has filed this lawsuit seeking damages against the Defendants for alleged intentional infliction of emotional distress and bad faith in the unreasonable delay or denial of workers' compensation benefits and mishandling of his claim. Defendant American requests that pursuant to the doctrine of primary jurisdiction, this Court stay this matter in favor of the pending workers' compensation action. This Defendant also argues that judicial economy requires that the case be stayed, or that the action should be stayed based on Plaintiff's failure to exhaust all administrative remedies. Defendant AIG joins in the motion, with the Plaintiff opposing the granting of any stay. Plaintiff's position is that because he is only seeking damages for unreasonable delay and denial of his claims, the administrative proceedings will have no impact in this case and the case should go forward.

## ANALYSIS

"[A] compensation carrier's intentional misconduct in the processing of a claim is neither a 'direct' nor a 'natural' consequence of an employment injury." *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1265 (Colo. 1985). Therefore, the requirement of exhaustion of administrative remedies does

not apply in such instances. *See id.* at 1269. Further, the doctrine of primary jurisdiction is not directly applicable because the industrial commissioner has no jurisdiction to determine the types of claims on which the lawsuit in this Court is based. *Id*. at 1271 (injuries incurred because of an insurer's bad faith in processing a claim falls beyond the scope of the workers' compensation act). Accordingly, the Defendant's motion on these grounds should be denied.

Nevertheless, the administrative agency does have jurisdiction to settle important factual questions that have direct bearing on the claims presented here. The decisions made through this administrative process that are relevant to the issues in this Court will, in many instances, carry preclusive effect. *See M & M Management Co. v. Industrial Claim Appeals Office of the State of Colorado, et al.*, 979 P.2d 574, 576-77 (Colo.Ct.App. 1998) (nonmutual defensive use of collateral estoppel applies to both legal and factual issues). While an insurer's duty of good faith does not arise only after an official determination that benefits are to be provided, *see Savio*, 706 P.2d at 1267-68, the determination of Plaintiff's entitlement to benefits in his workers' compensation case will directly weigh into the issue of damages in this case. As an example, in this Court, the Plaintiff seeks, among other things, compensation for aggravation of injuries based upon the action or inaction of the Defendants with regard to his claims. *See* AMENDED COMPLAINT, Docket #25; SCHEDULING ORDER, Docket #22; PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY, Docket #31. However, Plaintiff admits that the issue of the extent of his injury on the job has not yet been determined in the workers' compensation case. *See* PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY, Docket #31  Accordingly, a stay of this action would be appropriate. *See generally Schultz v. Allstate Ins. Co.*, 764 F. Supp. 1404, 1410 (D. Colo. 1991) .

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that Defendant's Motion to Stay [Filed January 30, 2007; Docket #26] be **granted,** and this matter stayed until Plaintiff's workers' compensation case has been resolved.

Dated at Denver, Colorado, this 7th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge