**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-02082-REB-MEH

MARCELO PERALTA, a Colorado resident,

    Plaintiff,

v.

AMERICAN HOME ASSURANCE COMPANY, a New York corporation,

    Defendant.

## ORDER CONCERNING MOTION FOR REMAND AND MOTION FOR STAY

**Blackburn, J.**

This matter is before me on the following: 1) plaintiff's **Motion To Remand** [#13], filed November 2, 2006; 2) **Defendant's Motion To Stay, With Incorporated Brief of Legal Authority** [#26], filed January 30, 2007; and 3) **Recommendation for Stay** [#38], filed March 7, 2007. The defendant filed a response [#14] to the motion for remand, and the plaintiff filed a response to the motion for stay [#31]. The plaintiff also filed an objection [#41] to the recommendation of the Honorable Michael E. Hegarty, United States Magistrate Judge, that this case be stayed. I deny the motion for remand, and I grant the motion for stay.

### I. REMAND

Under 28 U.S.C. § 1446(b), certain actions filed in state court may be removed to federal court if the defendant files a notice of removal.

The notice of removal of a civil action or proceeding shall be filed within thirty

> days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The plaintiff, Marcelo Peralta, filed his complaint in this case in the District Court, City and County of Denver, Colorado. Peralta served the defendant, American Home Assurance Company, by delivering a copy of a summons and the complaint to the Colorado Division of Insurance, as permitted by §10-3-107, C.R.S. American did not receive a copy of the summons and complaint until September 27, 2006. American filed its Notice of Removal [#1] on October 18, 2006. Peralta argues that American's Notice of Removal was not timely filed, because it was filed more than 30 days after the Colorado Division of Insurance was served, as American's agent for service of process. American notes that § 1446(b) provides that a defendant may file a notice of removal within "thirty days after the receipt by the defendant, through service or otherwise," of the summons and complaint. Again, American did not receive the summons and complaint until September 27, 2006.

I conclude that the thirty day period specified in § 1446(b) did not begin to run until American actually received and could review the summons and complaint. As the Supreme Court has noted, the 1949 amendment to § 1446(b) was intended, in part, to ensure "that the defendant would have access to the complaint before commencement of the removal period . . . ." **Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.**, 526 U.S. 344, 351 (1999). The 1949 amendment is the source of the current language of § 1446(b). **Id**. Here, American did not receive the complaint, and, thus, did not have access to the complaint, until September 27, 2006. American filed its Notice of Removal less than

2

thirty days later.  American's Notice of Removal was filed timely.  The plaintiff's motion to remand is denied.

## II.  MOTION FOR STAY

This case concerns the processing of the plaintiff's workers' compensation insurance claim. The plaintiff was injured while working for Utilix Corporation in April of 2002, and he filed a workers' compensation claim shortly thereafter. The plaintiff's claim was handled by Defendant AIG, a third party administrator, which is a wholly owned subsidiary of Defendant American.  The plaintiff's workers' compensation claim has not yet been adjudicated fully.

In this case the plaintiff seeks damages against Defendant American for alleged intentional infliction of emotional distress and bad faith in the unreasonable delay or denial of workers' compensation benefits and mishandling of his claim.  The magistrate judge recommends that this case be stayed until the Colorado Division of Workers' Compensation (CDWC) has resolved the disputed issues concerning the plaintiff's underlying workers' compensation claim.  As the magistrate judge notes, the CDWC has jurisdiction to settle important factual questions that have a direct bearing on the claims at issue in this case.  For example, the issue of the extent of the plaintiff's injury on the job has not been resolved in the underlying workers' compensation case.  This issue is relevant to the plaintiff's claim in this case that American's delay in processing or denial of the plaintiff's claims has caused aggravation of his covered injuries.  Without resolution of the workers' compensation case pending before the CDWC, the factual landscape of this case will remain uncertain to the extent that this case cannot proceed to a full resolution.  In this context, I agree with the conclusion of the magistrate judge that this case should be stayed until the CDWC resolves the underlying workers' compensation claim.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Motion to Remand** [#13], filed November 2, 2006, is **DENIED**;

2.  That the magistrate judge's **Recommendation for Stay** [#38], filed March 7, 2007, is **APPROVED and ADOPTED** as an order of this court;

3.  That the **Defendant's Motion To Stay, With Incorporated Brief of Legal Authority** [#26], filed January 30, 2007, is **GRANTED**;

4.  That this case is **STAYED** pending resolution of the plaintiff's workers' compensation claim which now is pending before the Colorado Division of Workers' Compensation;

5.  That under **D.C.COLO.LCivR 41.2**, the clerk is **DIRECTED** to close this action administratively subject to reopening for good cause;

6.  That the within ten (10) days of the date on which the Colorado Division of Workers' Compensation resolves the plaintiff's workers' compensation claim, the plaintiff shall file with this court a notice of said resolution;

7.  That the filing of such notice by the plaintiff **SHALL CONSTITUTE** good cause to reopen this case and to lift the stay of this case; and

8.  That the plaintiff's objections [#41] to the magistrate judge's recommendation [#38] are **OVERRULED** and **DENIED**.

Dated September 24, 2007, at Denver, Colorado.

                    **BY THE COURT:**

                    **s/ Robert E. Blackburn**
                    Robert E. Blackburn
                    **United States District Judge**