IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-02082-REB-MEH

MARCELO PERALTA, a Colorado resident,

    Plaintiff,

v.

AMERICAN HOME ASSURANCE COMPANY, a New York corporation, and
AIG Claims Services, Inc.,

    Defendants.

## ORDER DENYING MOTION TO REOPEN
## AND MOTION TO ALTER OR AMEND

**Blackburn, J.**

    This matter is before me on the following: 1) **Plaintiff's Motion for Reopening of Case Under D.C.Dolo.LCivR 41.2** [#54]; and 2) **Plaintiff's Motion To Alter or Amend Judgment Pursuant to F.R.C.P. 60(b)** [#55], both filed October 15, 2007. I deny both motions.

    This case concerns the processing of the plaintiff's workers' compensation insurance claim. The plaintiff was injured while working for Utilix Corporation in April of 2002, and he filed a workers' compensation claim shortly thereafter. The plaintiff's claim was handled by defendant AIG Claims Services, Inc., a third party administrator, which is a wholly owned subsidiary of defendant American Home Assurance Company. The plaintiff's workers' compensation claim, which is pending before the Colorado Division of Workers' Compensation (CDWC), has not been adjudicated fully.

    In this case, the plaintiff asserts claims against the defendants for alleged

intentional infliction of emotional distress and bad faith breach of insurance contract, based on the alleged unreasonable delay or denial of workers' compensation benefits and mishandling of his workers' compensation claim. Previously, adopting the recommendation of Magistrate Judge Hegarty, I ordered that this case be stayed until the CDWC has resolved the disputed issues concerning the plaintiff's underlying workers' compensation claim. *Order Concerning Motion for Remand and Motion for Stay* [#53], filed September 24, 2007. In that order, I concluded that "(w)ithout resolution of the workers' compensation case bending before the CDWC, the factual landscape of this case will remain uncertain to the extent that this case cannot proceed to a full resolution." *Id.*, p. 3. The plaintiff now asks that this case be re-opened and the stay lifted.

Under D.C.COLO.LCivR 41.2, a case that has been closed administratively can be re-opened on a showing of good cause to re-open. Under Fed. R.Civ.P. 60(b), a court may relieve a party "from a final judgment, order, or proceeding" on certain specified grounds. In this case, no final judgment or order has been entered. Rather, the case has been stayed and closed administratively pending the resolution of a related case by the CDWC. Rule 60(b) is not applicable to my order staying this case and closing it administratively. **See, e.g., Santamarina v. Sears, Roebuck & Co.**, 466 F.3d 570, 571 - 572 (7th Cir. 2006). Rather, the plaintiff's motion is more appropriately viewed as a motion to reconsider. Generally, such a motion can be granted on three bases, which are: 1) an intervening change in the controlling law; 2) new evidence previously unavailable; or 3) the need to correct clear error or prevent manifest injustice. **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

In his present motions, the plaintiff argues that this case should be re-opened and the stay should be lifted because of a change in the applicable law. The plaintiff asserts

2

that a recent opinion of the Colorado Supreme Court changed the law controlling the relationship between a case under the Colorado workers' compensation act and a related case of bad faith breach of insurance contract. The plaintiff notes that in **Brodeur v. American Home Insurance Company and AIG Claim Services, Inc.**, the Colorado Supreme Court said:

> (W)e have consistently held that bad faith tort claims are distinct and separate actions available to workers' compensation claimants in addition to remedies under the Workers' Compensation Act, and that the resolution of bad faith tort claims is independent from the resolution of workers' compensation claims.

169 P.3d 139, 147 (Colo. 2007). "Assuming there was a change in law reflected by **Brodeur**," the plaintiff asserts, this court should lift the stay that currently is in effect in this case. *Plaintiff's Motion To Alter or Amend Judgment Pursuant to F.R.C.P. 60(b)* [#55], filed October 15, 2007, p. 2.

**Brodeur** does not reflect a change in the law relevant to this case. Notably, in the key quotation cited by the plaintiff, the Colorado Supreme Court speaks of the fact that it has "consistently held that bad faith tort claims are distinct and separate actions available to workers' compensation claimants in addition to remedies under the Workers' Compensation Act. . . ." Consistent holdings by the Colorado Supreme Court reflect stability in the law, not change in the law. Further, as the defendant notes, the fact that an insurance bad faith claim is distinct and separate from a claim under the Workers' Compensation Act does not undermine the need for a stay in this case. The plaintiff's claims in the present case are being treated as distinct and separate from his workers' compensation claim, consistent with Colorado law. However, without resolution of the plaintiff's workers' compensation case now pending before the CDWC, the factual landscape of the present case will remain uncertain to the extent that the present case

3

cannot proceed to a full resolution. In addition, requiring the defendants to proceed with discovery relevant to the plaintiff's bad faith claim in this case likely will prejudice the defendants in their defense of the workers' compensation claim.

The plaintiff has not shown good cause to re-open this case, and he has not shown any basis for the court to reconsider its previous ruling staying this case pending resolution of the plaintiff's workers' compensation claim.

**THEREFORE, IT IS ORDERED** as follows:

1. That under D.C.Colo.LCivR 41.2, and solely for the purpose of resolving the motions addressed in this order, this case is **RE-OPENED**;

2. That the **Plaintiff's Motion for Reopening of Case Under D.C.Colo.LCivR 41.2** [#54], filed October 15, 2007, is **DENIED**;

3. That the **Plaintiff's Motion To Alter or Amend Judgment Pursuant to F.R.C.P. 60(b)** [#55], filed October 15, 2007, is **DENIED**;

4. That the terms of my *Order Concerning Motion for Remand and Motion for Stay* [#53], filed September 24, 2007, **SHALL REMAIN** in full force and effect; and

5. That under **D.C.COLO.LCivR 41.2** this case again is **CLOSED ADMINISTRATIVELY**.

Dated September 8, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge